UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Devone Mayo-Keller, Individually,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:22-cv-675-MHH |
| ) | |
| **SDH Pizza, Inc., and Steven** ) | |
| **Douglas Hall,** ) | |
| Defendants. ) | |
| ) | |
| ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

COME NOW the parties, by and through their respective counsel, and jointly move this Honorable Court to approve their agreed upon settlement. In support of this motion, the parties state as follows:

1. In the Complaint [Doc.1], Plaintiff asserts claims for alleged minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA").

2. In their Answer [Doc. 6], Defendants deny the allegations of the Complaint and assert that Plaintiff was paid the minimum wage and all overtime due in accordance with the provisions of the Fair Labor Standards Act.

3. On August 26, 2022, Plaintiff filed a motion for conditional class certification [Doc.11] then withdrew its motion [Doc.28] following Defendants' response in opposition [Doc.25].

4.Defendants filed a Motion to Compel Arbitration and Stay the Case [Doc.24]. Plaintiff conceded the motion. [Doc. 27]. On April 4, 2023, the Court granted Defendants' motion to stay the case pending arbitration.

5.In lieu of arbitrating the case, the parties exchanged informal discovery and engaged in settlement negotiations. The parties have reached a final settlement and ask the Court to lift the stay for the purpose of requesting the Court's approval of that settlement.

6.The parties' Settlement Agreement is attached hereto as Exhibit "A"[1]. The parties are settling the case for a total of $5,750.00 ('settlement amount") to resolve all claims of alleged FLSA violations, costs and attorney's fees. The settlement amount will be allocated as follows: (1) $1,000.00 for Plaintiff and (2) $4,750.00 for attorneys' fees and costs.

7.Parties may settle a private FLSA suit under supervision of the Court. *Lynn's Food Stores v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1983). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute" then the court may approve the settlement." *Lynn's Food Stores*, 679 F.2d at 1354. A "strong presumption in favor of finding a settlement

---

[1] The attached copy of the Settlement Agreement was signed by Plaintiff; Defendants are in the process of executing it. The Parties will supplement this Motion with a fully executed copy of the Agreement once it is signed by Defendants.

fair" exists when the court considers a settlement under the FLSA. *Dawson v. Lhoist N. Am. of Ala., LLC*, 2:15-cv-1025-VEH, 2016 WL 10537557, at *2 (N.D. Ala. May 26, 2016) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

8. In reviewing a settlement of a private FLSA claim, the Court must "scrutinize the settlement for fairness" and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (quoting *Lynn's Food Stores*, 679 F.2d at 1353, 1355 (11th Cir. 1983)). A "bona fide dispute" may be a dispute over the amount of time worked or the back wages due. *Lynn's Food Stores*, 679 F.2d at 1355. *See Johnsey v BAL TK, LLC,* No. 2:18-cv-00643-MHH, 2020 WL 2084639 (N.D. Ala. Apr. 30, 2020) (finding a bona fide dispute and approving FLSA settlement where defendant denied violating FLSA in any manner and had asserted numerous defenses).

9. The parties agree that there is a bona fide dispute over whether Defendants violated FLSA in any manner and whether the Plaintiff was compensated in full under the minimum wage laws.

10. In order to settle the claims, Defendants will pay Plaintiff $1,000.00 for any alleged unpaid wages. The parties agree that this number is reasonable based upon Defendants' documentation of the dates Plaintiff worked, his actual mileage driven, and the actual rate at which Plaintiff was reimbursed. Plaintiff's settlement

amount is $85.00 greater than his best-case scenario lost wage damages as calculated by Plaintiff's counsel. These damages take into account the difference between the mileage reimbursement rate Plaintiff received with Defendant and the IRS standard mileage rate for the applicable time period.

11. The settlement agreement includes no payment for liquidated damages upon the lack of evidence of any FLSA violation and the dispute as to whether the alleged failure to pay the minimum wage or overtime was willful. *See Kaikkonen v. Ascent Hosp. Mgmt. Co.*, No. 5:18-CV-01150-MHH, 2019 U.S. Dist. LEXIS 180564 (N.D. Ala. Oct. 18, 2019) (concluding it is reasonable to forego liquidated damages when the parties jointly represent that there is a genuine dispute as to whether Plaintiff could overcome the evidence presented in support of a good faith defense to an FLSA claim). In addition, Plaintiff's entitlement to his best-case scenario damages was far from certain. The law with respect to proper mileage reimbursement is unsettled and Plaintiff stood a real chance of a later determination that Defendants had correctly reimbursed him for mileage.

12. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *O'Neal v. Eagle Marine Contracting, LLC*, No. 16-00401-KD-B, 2017

WL 6759423, at *7 (S.D. Ala. Aug. 7, 2017) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)).

13. Defendant will pay to Plaintiff's counsel the sum of $4,750.00 for the attorneys' fees incurred in furtherance of the FSLA claim. The amount of attorneys' fees was determined separately and apart from the value of the alleged unpaid minimum wage or overtime. The fee does not compromise Plaintiff's recovery.

14. Should the Court nevertheless seek to review the attorneys' fees for their reasonableness, Plaintiff's counsel is attaching their billing records hereto as Exhibit B. The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate. *Andrews v. United States*, 122 F.3d 1367, 1375 (11th Cir. 1997) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983).

15. Plaintiff's counsel has billed over $7,900.00 in fees and costs on this case at a blended rate of $195.00. At just 60% of Plaintiff's counsel's invoice, the agreed fees and costs are reasonable.

16. The parties agree that the Settlement is a fair and reasonable compromise of a bona fide dispute under the FLSA.

17. Counsel for Plaintiff and counsel for Defendants represent to the Court that they are knowledgeable and experienced with respect to the rights, remedies and defenses available under the FLSA.

18. Counsel for Plaintiff represents that he has explained Plaintiff's available rights and remedies under the FLSA.

19. Counsel for Defendants represents to the Court that she has advised her clients that Plaintiff is under no obligation regarding confidentiality and that the Plaintiff is releasing rights and remedies under the FLSA to past compensation due to alleged minimum wage or overtime violations.

20. Counsel for Plaintiff and counsel for Defendants represent to the Court that the settlement was reached through good faith negotiations and is fair and reasonable for the Plaintiff and Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Defendants jointly request this Honorable Court to (1) lift the stay for the purpose of considering the parties' settlement agreement, and (2) enter an order approving the settlement reached and dismissing the case in its entirety with prejudice.

Respectfully submitted this the 17th day of May, 2024.

SANFORD LAW FIRM PLLC
10800 Financial Center Pkwy, Ste 510
Little Rock, AR 72211
Telephone: (501) 221-0088

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
Admitted *Pro Hac Vice*
sean@sanfordlawfirm.com

**ATTORNEY FOR PLAINTIFF**

CHRISTIAN & SMALL, LLP
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Fax: (205) 328-7234

*/s/ Sharon D. Stuart*
Sharon D. Stuart
Helen M. Buckley
sdstuart@csattorneys.com

**ATTORNEY FOR DEFENDANT**

4240743.1
4254824.1